MARC GORDON (DC Bar No. 430168)
marc.gordon@usdoj.gov
(202) 305-0291
(202) 353-7763 (fax)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611 – Ben Franklin Station
Washington, D.C. 20044-7611

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. EDCV 16-1957-GW(KKx) |
| Plaintiff, ) | |
| ) | FINDINGS OF FACT |
| v. ) | AND CONCLUSIONS OF LAW |
| ) | |
| 160.00 ACRES OF LAND, MORE ) | |
| OR LESS, SITUATE IN SAN ) | |
| BERNARDINO COUNTY, STATE ) | |
| OF CALIFORNIA; JACQUELINE ) | |
| PHI; UNKNOWN OWNERS; ) | |
| STATE OF CALIFORNIA; AND ) | Trial: November 9, 2017 |
| SAN BERNARDINO COUNTY ) | Time: 8:30 a.m. |
| TAX COLLECTOR, et al., ) | |
| ) | The Honorable George H. Wu |
| Defendants. ) | |

Trial by narrative statement pursuant to Local Rule 43-1 commenced on November 9, 2017 at 8:30 a.m. Plaintiff, United States submitted its Trial Brief and the Declaration of Robert W. Colangelo, and appeared by Trial Attorney Marc

1

Gordon. No answer or appearance was made by any named defendant. Having reviewed the pleadings and papers filed herein, and argument of counsel having been heard, the Court makes these Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52.

## I. FINDINGS OF FACT

### A. THE SUBJECT PROPERTY

1. This is an action by the United States to condemn real property. The property is described as follows ("Subject Property"):

Parcel A of the Subject Property is:

The North Half of the Northwest Quarter of Section 36, Township 14 North, Range 1 East, San Bernardino Base and Meridian, In the County of San Bernardino, State of California, according to the Official Plat of Said Land, approved by the Surveyor General dated November 10, 1856.

This Tract No. 835 is also known as Assessor's Parcel Number 0519-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, containing 80.00 acres, more or less.

Dkt. 1, Schedule C.

Parcel B of the Subject Property is:

The South Half of the Northwest Quarter of Section 36, Township 14 North, Range 1 East, San Bernardino Base and Meridian, In the County of San Bernardino, State of California, according to the Official Plat of Said Land, approved by the Surveyor General dated November 10, 1856.

This Tract No. 835 is also known as Assessor's Parcel Number 0519-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, containing 80.00 acres, more or less.

Dkt. 1, Schedule C.

    Excepted from both Parcel A and Parcel B is:

> All Oil, Gas, Oil Shale, Coal, Phosphate, Sodium Gold, Silver and All Other Mineral Deposits contained in said lands and further reserving to the State of California and Persons authorized by the State the Right to Drill for and Extract Such Deposits of Oil and Gas, Or Gas and To Prospect for, Mine and remove such deposits of other minerals from said land and to occupy and use so much of the surface of said Lands as may be required. Therefore upon compliance with the conditions and subject to the provisions and limitations of Chapter 5, Part I, Division 6 of The Public Resources Code and further reserving in the People the Absolute right to fish thereupon as provided by Section 25 of Article I of the Constitution of the State of California, as reserved by the State of California by Deed recorded September 21, 1959 in Book 4934 Page 158, Official Records.

Dkt. 1, Schedule C.

    2.    The estate taken by the United States in the Subject Property is:

> fee simple title to the land, subject however, to existing easements for public roads and highways, public utilities, railroads and pipelines; excepting and excluding from the taking all interests in oil, gas, oil shale, coal, phosphate, sodium, gold, silver and all other mineral deposits, all appurtenant rights for the exploration, development and removal of said minerals, and the right of the people to fish as reserved in the patent from the State of California.

Dkt. 1, Schedule E.

3. Prior to the institution of this action, the Subject Property was owned by Jacqueline Phi. Declaration of Robert W. Colangelo ("Colangelo Decl.") at ¶ 6, Exhibit 2.

4. In September 2010, Plaintiff's agency, the United States Army Corps of Engineers ("Corps or COE") entered into an Accepted Offer whereby the Davidsons agreed to sell the Subject Property to the Corps for the sum of $160,000.00. Colangelo Decl. at ¶ 4, Exhibit 1.

5. There were three outstanding deeds of trust on the property, the value of which amounted to $320,000.00. *Id.* at ¶ 6. There was a further cloud on title resulting from a recorded Resolution of Cession of Concurrent Criminal Legislative Jurisdiction by the California State Lands Commission and a possible joinder interest in Tung Cong Nguyen. *Id.*

6. The Corps was unable to complete the transaction because of the outstanding deeds of trust and other clouds on title.

**B. PROCEDURAL HISTORY**

7. This action was filed on September 13, 2016. Dkt. 1.

8. The deposit of estimated just compensation of $160,000.00 was made on September 13, 2016. Dkt. 3.

9. The Declaration of Taking was filed on September 22, 2016. Dkt. 8.

10. Notice of Filing Proof of Service by publication was filed on January 17, 2017. Dkt. 16.

11. Notice of Filing Proof of service by certified mail was filed on January 19, 2017. Dkt. 17.

12. No defendants have answered or appeared.

**II. CONCLUSIONS OF LAW**

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1358.

14. Title to the property and estate as described in the complaint and Declaration of Taking vested in the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation. *See* 40 U.S.C. § 3114(b).

15. The United States has not demanded a jury trial. No other party has answered or appeared. Accordingly, this action may proceed to trial before the bench without a jury. *Zahn v. Geren*, 245 Fed. Appx. 696, 697 (9th Cir. 2007).

16. Pursuant to Fed. R. Civ. P. 71.1 and the Declaration of Taking Act, 40 U.S.C. § 3114, the two issues before the Court are: (1) the amount of just compensation to be paid by the United States for this taking; and (2) the distribution of the just compensation. The Court has the authority to determine to whom and how much an award in condemnation should be paid and it has the

authority to apportion the award. *See United States v. 14.02 Acres*, 547 F.3d 943, 956 (9th Cir. 2008) ("In the absence of a contractual arrangement among property owners, it was proper for the district court to apportion the total amount of just compensation by 'judicial intervention.'"), *citing United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1269 (9th Cir. 2003). *See also* Fed. Rule. Civ. P. 71.1(h) (the court tries all issues unless a jury is demanded or a commission appointed).

17. Plaintiff entered into an Accepted Offer to sell Real Property in the amount of $160,000.00, an amount greater than the Corps' appraisal of the property. Colangelo Decl. at ¶ 5, Exhibit 1. It is well-established that pre-condemnation contracts, like the one in the case at bar, are enforceable in a condemnation proceeding and bind the parties as to the amount of compensation. *See United States v. 114.64 Acres of Land*, 504 F.2d 1098, 1100 (9th Cir. 1974), *citing Danforth v. United States*, 308 U.S. 271, 282-83 (1939); *Albrecht v. United States*, 329 U.S. 599, 602-04 (1947). Under these circumstances, the United States is bound by the Accepted Offer. Therefore the full and just compensation for the Subject Property is $160,000.00.

18. Judgment shall be entered against the United States of America in the amount of $160,000.00 in favor of Defendants.

19. Plaintiff has fully satisfied the Judgment by its deposit of the full amount of just compensation, $160,000.00, into the Registry of the Court.

6

16cv1957

20. Service having been properly made, and no other parties having appeared in this action, it is proper for this Court to find that title was held by Jacqueline Phi, subject to the outstanding deeds of trust.

21. Upon application, which application shall include a showing that the outstanding deeds of trust have been satisfied, the Clerk of the Court shall pay the deposited funds ($160,000.00), plus any interest accrued thereon while within the Registry of the Court, less any authorized fees or costs to:

> Jacqueline Phi
> 1643 W. Cerritos Ave.
> Anaheim, CA 92802-2127

22. The Clerk of the Court is directed to retain the deposited funds for five years following entry of judgment and provide that Jacqueline Phi may submit claims to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds the Court has found her entitled to. Further, pursuant to 28 U.S.C. § 2042, the judgment will direct the Clerk to thereafter deposit those funds into the Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States Attorney and full proof of the right thereto, obtain an order directing payment.

DATED: November 9, 2017

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/_____
MARC GORDON (DC Bar No. 430168)
marc.gordon@usdoj.gov
(202) 305-0291
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611 – Ben Franklin Station
Washington, D.C. 20044-7611

Attorney for Plaintiff